UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAROLAINE MONTEIRO DE SOUZA,<br><br>Petitioner,<br><br>v.<br><br>TIMOTHY S. ROBBINS, et al.,<br><br>Respondents. | No. 1:25-cv-01597-DJC-JDP<br><br><br>ORDER |

On November 23, 2025, this Court granted Petitioner's Motion for Temporary Restraining Order and directed Respondents to release Petitioner from their custody. The Court also ordered Respondents to show cause, in writing, as to why this Court should not issue a preliminary injunction on the same terms as the Temporary Restraining Order.  Respondents continue to oppose the issuance of a preliminary injunction for the same reasons listed in their opposition to the temporary restraining order (Response (ECF No. 12)).  Further, Respondents submitted a declaration from Deportation Officer Gwendolyn Ng now alleging that Petitioner was detained by ICE after she failed to appear for two scheduled check ins on January 28, 2025, and June 3, 2025.  (Supp. (ECF No. 13) ¶ 7.)  As a result, Respondents argue that Petitioner's

1

detention on October 20, 2025, was pursuant to INA § 235(b)(1).[1]  (*Id.*)  Petitioner filed a Reply submitting the matter on her pleadings (Reply (ECF No. 14)).

The supplemental information does not materially alter the Court's prior analysis as to Petitioner's due process rights.  The record presently before the Court indicates that the Government treated Petitioner pursuant to the framework under 8 U.S.C. § 1226(a).  "Having elected to proceed with full removal proceedings under [section] 1226, Respondents cannot now reverse course and institute [section] 1225 expedited removal proceedings."  *See Ramirez Clavijo v. Kaiser*, No. 5:25-cv-06249-BLF, 2025 WL 2419263, at *4 (N.D. Cal. Aug. 21, 2025).  Moreover, once a person has been placed in full removal proceedings under section 1226, she cannot thereafter be detained under § 1225.  *See id.* (rejecting the idea that DHS may elect to pursue mandatory detention under section 1225(b) at any time).  The question of whether Petitioner missed her check ins appears to be in dispute.  (*Compare* (ECF No. 2 at 2) stating Petitioner "complied with what was asked of her" since her release on parole; *with* Supp. ¶ 7 stating that Petitioner missed two scheduled check ins.)  To the extent the alleged missed check ins constitute a sufficiently changed circumstance such that detention is warranted, that is a matter for a pre-deprivation hearing.

Thus, for the reasons discussed in the Court's order granting a temporary restraining order (*see* ECF No. 10), IT IS HEREBY ORDERED THAT:

1. The Court GRANTS the request for a Preliminary Injunction.
2. Having released Petitioner as required by the Temporary Restraining Order, Respondents shall not impose any additional restrictions on her, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation custody/hearing.
3. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections,

---

[1] Section 235 is codified at 8 U.S.C. § 1225.  *Rico-Tapia v. Smith,* ---- F. Supp. 3d ----, 2025 WL 2950089, at *2 n.8 (D. Haw. Oct. 10, 2025).

       which include, at a minimum, pre-deprivation notice – describing the change of circumstances necessitating arrest – and detention, and a timely hearing.  At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have her counsel present.

4. This Order shall remain in effect until the resolution of this action or until otherwise ordered by the Court.
5. This matter is referred to the assigned Magistrate Judge for all further pre-trial proceedings.

IT IS SO ORDERED.

Dated:   **December 8, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – DESOUZA25cv01597.pi_v1

3