UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAROLAINE MONTEIRO DE SOUZA,<br><br>Petitioner,<br><br>v.<br><br>TIMOTHY S. ROBBINS, *et al.*,<br><br>Respondents. | Case No. 1:25-cv-1597-DJC-JDP (P)<br><br>FINDINGS AND RECOMMENDATIONS |

Karolaine Monteiro De Souza, an immigration detainee represented by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  Petitioner argues that her re-detention without a hearing violates the Fifth Amendment.  She also filed a motion for a temporary restraining order.  ECF No. 2.  The court granted that motion and ordered petitioner's immediate release.  ECF No. 10.[1]

In granting petitioner's emergency motion, the court found that she had established a likelihood of success on the merits of her due process claim.  *Id.* at 6.  Specifically, the court found that petitioner had a liberty interest in her continued release and that she was entitled to an appropriate hearing prior to her re-arrest.  *Id.*  In addition to granting petitioner's immediate release, the court (1) ordered that respondents not impose any additional restrictions, such as

---

[1] Petitioner was released from custody on November 24, 2025, ECF No. 11.

1

1  electronic monitoring, on her, absent a determination at a future pre-deprivation/custody hearing
2  that additional restrictions are needed, and (2) enjoined respondents from re-arresting or re-
3  detaining her absent compliance with constitutional protections, which must include, at a
4  minimum, pre-deprivation notice—describing the change of circumstances necessitating her
5  arrest and detention—and a timely hearing.  The court also ordered that at any such hearing,
6  petitioner must be allowed to have counsel present, and the government would bear the burden of
7  establishing, by clear and convincing evidence, that petitioner poses a danger to the community or
8  a risk of flight.  *Id.* at 8.  Finally, the court ordered respondents to show cause why a preliminary
9  injunction should not issue on the same terms as the court's order granting the motion for a
10 temporary restraining order.  *Id.*
11     In response to the court's order to show cause, respondents state that they "oppose the
12 issuance of a preliminary injunction," but they "submit on their pleadings."  ECF No. 12.  They
13 also submitted a supplemental response containing a declaration from Gwendolyn Ng, a
14 deportation officer with DHS, who attests that petitioner missed scheduled check-ins on January
15 28, 2025, and June 3, 2025.  ECF No. 13 at 4.
16     On December 9, 2025, the court granted petitioner's motion for a preliminary injunction.
17 ECF No. 15.  The court first noted that neither party raised any arguments beyond those
18 previously briefed.  *Id.* at 1.  As for Gwendolyn Ng's declaration, the court found that "[t]he
19 supplemental information does not materially alter the Court's prior analysis as to Petitioner's due
20 process rights."  *Id.* at 2.  The court concluded by stating, "[t]o the extent the alleged missed
21 check ins constitute a sufficiently changed circumstance such that detention is warranted, that is a
22 matter for a pre-deprivation hearing."  *Id.*  The court granted the motion for the reasons discussed
23 in its order granting a temporary restraining order and referred the matter to the undersigned for
24 all further pre-trial proceedings.  *Id.* at 3.
25     The undersigned ordered the parties to submit a joint status report on the parties' plan to
26 proceed with the action.  ECF No. 16.  In their report, the parties state, in full, "[t]he parties
27 submit the matter on their respective briefs and do not request that the Court hold a hearing.  The
28

2

parties do, however, request that the Court decide the pending habeas petition so that a final judgment can be issued in the case." ECF No. 17.

In light of the parties' response, the undersigned recommends, for the reasons discussed in the court's order granting petitioner's motion for a temporary restraining order, that the petition for a writ of habeas corpus be granted based on a finding that respondents violated petitioner's Fifth Amendment Due Process rights. *See De Vasquez v. Chestnut*, No. 1:25-cv-1999-JDP, 2026 WL 25539 (E.D. Cal. Jan. 5, 2026); *Sekhon v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-1692-JDP, 2026 WL 74151 (E.D. Cal. Jan. 9, 2026). The undersigned further recommends that respondents be enjoined and restrained from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that she is a flight risk or danger to the community such that her physical custody is legally justified.

Accordingly, it is hereby RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be GRANTED.

2. Respondents be enjoined and restrained from re-detaining petitioner, absent exigent circumstances, without first providing petitioner with written notice and a pre-detention hearing before a neutral adjudicator. At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that petitioner poses a danger to the community or a risk of flight, and she shall be allowed to have counsel present.

3. The Clerk of Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    January 30, 2026   

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE